UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|   |   |
|---|---|
| KENNETH L. VENTURA, JR., | ) |
| Plaintiff, | ) |
| v. | ) Civil Action No. 25-CV-13505-AK |
| BARNSTABLE PROBATE & FAMILY COURT, et al., | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

**KELLEY, D.J.**

On November 21, 2025, Plaintiff Kenneth L. Ventura, Jr., a resident of Palm Springs, California, filed a *pro se* Emergency Complaint for Injunctive Relief alleging that his rights under Title II of the Americans with Disabilities Act[1] ("ADA") and the First and Fourteenth Amendments[2] are being violated in a probate action that was filed in Barnstable Probate and Family Court ("Barnstable Court") concerning his father's estate (the "Estate").[3] [Dkt. 1].

---

[1] Title II of the ADA provides that "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity." Nunes v. Mass. Dep't of Corr., 766 F.3d 136, 144 (1st Cir. 2014) (quoting 42 U.S.C. § 12132).

[2] 42 U.S.C. § 1983 "is not itself a source of substantive rights, but merely provides 'a method for vindicating federal rights elsewhere conferred,'" Borrás-Borrero v. Corporación del Fondo del Seguro del Estado, 958 F.3d 26, 35 (1st Cir. 2020) (quoting Albright v. Oliver, 510 U.S. 266, 271 (1994)), and so Plaintiff's Section 1983 claim is for violation of the First and Fourteenth Amendments.

[3] The Court takes judicial notice of In the Matter of Kenneth Lee Ventura, No. BA22P110EA (Barnstable Probate & Family Ct, Mass.) and relevant state court proceedings. See Wiener v. MIB Grp., Inc., 86 F.4th 76, 81 n.3 (1st Cir. 2023) ("It is well-accepted that federal courts may take judicial notice of proceedings in other courts if those proceedings have relevance to the

Plaintiff did not pay the filing fee for this action and did not seek leave to proceed *in forma pauperis*.

Plaintiff brings this action against the following seven defendants: the Barnstable Probate and Family Court; the Honorable Susan Sard Tierney, who is presiding over the probate proceedings for the Estate; Barnstable First Assistant Register/Magistrate Sarah J. Long; Angela L. Venture, the personal representative of the Estate; attorney Theodore A. Schilling, who is representing the Estate; and attorneys Robert Lawless and Stuart Rapp, who were appointed as Guardian ad Litem counsel. [Id. at ¶¶ 6-11]. Plaintiff alleges, among other things, that he "has a constitutionally protected property interest in his inheritance ($691,667+ from the Estate of Kenneth Lee Ventura)," [id. at ¶ 30], and that the Defendants "have deprived Plaintiff of access to this property for 3.5+ years without adequate due process." [Id. at ¶ 31]. Plaintiff alleges the "systematic denial of emergency relief, refusal to provide expedited hearings despite life-threatening circumstances, and imposition of impossible procedural barriers while Plaintiff starves and faces medical collapse constitute a violation of substantive due process." [Id. at ¶ 32]. Plaintiff states that he "is currently homeless, sleeping out-doors without shelter, has not eaten in multiple days, is immunocompromised and medically deteriorating, and will not survive the 12-day delay until the December 2, 2025 state court hearing." [Id. at 1] (emergency notice to the court). In addition to temporary and permanent injunctive relief, Plaintiff seeks monetary damages and the full distribution of his inheritance. [Id. at 11-12].

---

matters at hand." (quoting L. Offs. of David Efron v. Matthews & Fullmer L. Firm, 782 F.3d 46, 56 n.7 (1st Cir. 2015))); Berrios-Romero v. Estado Libre Asociado de P.R., 641 F.3d 24, 27 (1st Cir. 2011) ("A decision of a sister court is a proper matter of judicial notice.").

1. **Screening the Complaint**

The Court may consider jurisdictional matters *sua sponte*.  See Riley v. Bondi, 606 U.S. —, 145 S. Ct. 2190, 2201 (2025) ("A federal court must always satisfy itself that it has jurisdiction."); see also McCulloch v. Velez, 364 F.3d 1, 5 (1st Cir. 2004); Fed. R. Civ. P. 12(h)(3) ("If the court determines . . . it lacks subject-matter jurisdiction, the court must dismiss the action.").

In addition, federal courts possess certain "'inherent powers,' not conferred by rule or statute, 'to manage their own affairs so as to achieve the orderly and expeditious disposition of cases.'"  Goodyear Tire & Rubber Co. v. Haeger, 581 U.S. 101, 107 (2017) (quoting Link v. Wabash R.R. Co., 370 U.S. 626, 630-31 (1962)).  Those powers include the power to dismiss frivolous or malicious actions, regardless of the status of the filing fee.  See Mallard v. United States Dist. Ct., 490 U.S. 296, 307-308 (1989); Brockton Sav. Bank. v. Peat, Marwick, Mitchell & Co., 771 F.2d 5, 11 n.5 (1st Cir. 1985).  As used in this context, "frivolous" does not refer to the subjective intent of a plaintiff.  Axcella Building Realty Tr. v. Thompson, No. 23-40151-DHH, 2024 WL 474539, at *2 n.2 (D. Mass. Jan. 25, 2024).  "Rather, in legal parlance, a complaint is 'frivolous' if it 'lacks an arguable basis either in law or in fact.'"  Id. (quoting Neitzke v. Williams, 490 U.S. 319, 325 (1989)).

In conducting this review, the Court construes Plaintiff's complaint liberally because he is proceeding *pro se*.  See Haines v. Kerner, 404 U.S. 519, 520-21 (1972).  Nevertheless, even under a liberal construction, Plaintiff's suit is subject to dismissal for the reasons discussed below.

2. **Discussion**

   a. **Probate Exception and Other Limitations to Federal Jurisdiction**

As an initial matter, this Court abstains from exercising jurisdiction over this action to the extent that it would interfere with an on-going matter in the courts of the Commonwealth of Massachusetts. Abstention is proper under the doctrines of Younger[4] and Colorado River[5] as well as the probate exception to federal jurisdiction and the Rooker-Feldman doctrine.[6]

The majority of Plaintiff's claims are likely barred by the "probate exception" to federal jurisdiction, under which "federal courts have no authority to interfere with the probate proceedings or assume general jurisdiction of the probate or control of the property in the custody of the state court." Jiménez v. Rodriguez-Pagan, 597 F.3d 18, 23 (1st Cir. 2010) (internal quotation marks omitted). Because Plaintiff seeks to reach the proceeds of the Estate, which are in custody of a Massachusetts probate court, the probation exception would apply.

To the extent Ventura challenges various state court rulings, the Rooker-Feldman doctrine and Younger and Colorado River abstention doctrines bar such claims. Under the Rooker-Feldman doctrine, a federal district court lacks jurisdiction over a final judgment of a state court. See Geiger v. Foley Hoag LLP Retirement Plan, 521 F.3d 60, 65 (1st Cir. 2008). The Younger abstention doctrine bars the exercise of federal jurisdiction if it "would interfere (1) with an ongoing state judicial proceeding; (2) that implicates an important state interest; and (3) that provides an adequate opportunity for the federal plaintiff to advance his federal

---

[4] Younger v. Harris, 401 U.S. 37 (1971).

[5] Colo. River Water Conservation Dist. v. United States, 424 U.S. 800 (1976).

[6] The term "Rooker-Feldman doctrine" is shorthand reference to the Supreme Court's interpretation of 28 U.S.C. § 1257 in Rooker v. Fidelity Trust Co., 263 U.S. 413 (1923), and District of Columbia Court of Appeals v. Feldman, 460 U.S. 462 (1983).

constitutional challenge." Rossi v. Gemma, 489 F.3d 26, 34-35 (1st Cir. 2007). Under Colorado River and its progeny, a federal court may defer to a parallel state court proceeding after considering

> (1) whether either court has assumed jurisdiction over a res; (2) the inconvenience of the federal forum; (3) the desirability of avoiding piecemeal litigation; (4) the order in which the forums obtained jurisdiction; (5) whether federal law or state law controls; and (6) whether the state forum will adequately protect the interests of the parties.

Rivera-Puig v. Garcia-Rosario, 983 F.2d 311, 320-21 (1st Cir. 1992).

Here, the state probate matters and issues surrounding the distribution of the Estate, as alleged in the complaint, would be precluded by one or more of these doctrines. If state court proceedings are ongoing, this Court lacks subject matter jurisdiction under the Younger and Colorado River abstention doctrines. If a final order has been entered in the state court proceeding, this federal court lacks subject matter jurisdiction over such claims under the Rooker-Feldman doctrine.

Pursuant to 28 U.S.C. § 1257, the Supreme Court of the United States has jurisdiction to review the final state judgment where the judgment presents a question of federal law. See 28 U.S.C. § 1257. The Supreme Court has held that the grant of jurisdiction under Section 1257 "is exclusive," meaning that federal judicial review of final state court judgments "may be had only in [the Supreme] court." Lance v. Dennis, 546 U.S. 459, 463 (2006) (quoting D.C. Ct. of Appeals v. Feldman, 460 U.S. 462, 482 (1983)). "[T]he proper forum for challenging an unlawful state court ruling is the United States Supreme Court, on appeal of the highest state court's final judgment." Davison v. Gov't of P.R.-P.R. Firefighters Corps., 471 F.3d 220, 223 (1st Cir. 2006).

Finally, "[p]roceedings in state courts should normally be allowed to continue unimpaired by intervention of the lower federal courts, with relief from error, if any, through the state

5

appellate courts and ultimately [the United States Supreme] Court." Atl. Coast Line R.R. Co. v. Bhd. of Locomotive Eng'rs, 398 U.S. 281, 287 (1970). The Anti-Injunction Act, 28 U.S.C. § 2283, prohibits the Court from providing some of the relief Plaintiff seeks. This statute provides: "A court of the United States may not grant an injunction to stay proceedings in a State court except as expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments." 28 U.S.C. § 2283. The Anti-Injunction Act's "core message is one of respect for state courts," and it "commands that those tribunals 'shall remain free from interference by federal courts.'" Smith v. Bayer Corp., 564 U.S. 299, 306 (2011) (quoting Atl. Coast Line R.R. Co., 398 U.S. at 282). Thus, much of the injunctive relief sought in the complaint is barred by the Anti-Injunction Act.

### b. Absolute Judicial Immunity

To the extent Ventura is seeking to proceed against Judge Tierney for claims arising out of her judicial rulings, any claims for monetary damages are barred by the doctrine of absolute judicial immunity. See Zenon v. Guzman, 924 F.3d 611, 616 (1st Cir. 2019). "The breadth of the protection is fulsome, shielding judges even when their actions are malicious, corrupt, mistaken, or taken in bad faith; its purpose not to buffer bad judges but 'for the benefit of the public, whose interest it is that the judges should be at liberty to exercise their functions with independence and without fear of consequences.'" Id. (quoting Pierson v. Ray, 386 U.S. 547, 554 (1967)).

"Section 1983 explicitly provides that, 'in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable'" in the underlying

6

action. Alexandre v. Prince, No. 22-CV-11340-ADB, 2022 WL 3597409, at *1 (D. Mass. Aug. 23, 2022).

To the extent that Plaintiff alleges that Judge Tierney violated the ADA by virtue of her judicial conduct, such claims are barred by judicial immunity. Mireles v. Waco, 502 U.S. 9, 11-12 (1991). Here, Judge Tierney is alleged to have acted while carrying out traditional adjudicatory functions and thus has absolute judicial immunity. To the extent Ventura disagrees with orders entered by Judge Tierney, his option is to appeal the court's rulings in state court; he cannot sue the state court judge in federal court for damages. Similarly injunctive relief against Judge Tierney is also unavailable.

### c. Eleventh Amendment Sovereign Immunity

The Eleventh Amendment prohibits suits against a state in federal court unless Congress has abrogated sovereign immunity, or the state has waived it. Kentucky v. Graham, 473 U.S. 159, 169 (1985); see Wojcik v. Mass. State Lottery Comm'n, 300 F.3d 92, 99 (1st Cir. 2002). It is well settled that Congress did not abrogate Eleventh Amendment sovereign immunity by enacting 42 U.S.C. § 1983. Will v. Mich. Dept. of State Police, 491 U.S. 58, 66 (1988). There is nothing to indicate here that the Commonwealth has waived Eleventh Amendment sovereign immunity, consenting to suit in federal court under Section 1983. See Coll. Sav. Bank v. Fla. Prepaid Postsecondary Educ. Expense Bd., 527 U.S. 666, 676 (1999) (setting out "stringent" test to find waiver of sovereign immunity, including state's voluntary invocation of federal jurisdiction and clear declaration of intent to submit to federal jurisdiction). Eleventh Amendment sovereign immunity extends to "arm[s] of the state[s]." Wojcik, 300 F.3d at 99. This includes state officials acting in their official capacities; absent congressional abrogation or waiver, a state actor is protected from an "official capacity" suit for monetary damages. Will, 491 U.S. at 71. In light of this, the Section 1983 claims against the Commonwealth, agencies and officials in their official capacities are subject to dismissal.

### d. Plaintiff's Claims under the ADA

Plaintiff alleges that the Barnstable Probate Court is a public entity within the meaning of 42 U.S.C. § 12131 (any "public entity" includes "any State or local government"; and "any department, agency, special purpose district, or other instrumentality of a State or States or local government."). [Dkt. 1 at ¶ 37]. Plaintiff alleges that he requested reasonable accommodations including "[e]lectronic filing via email," remote hearing participation," waiver of in-person service requirements," "[e]mail delivery of court documents," and "[f]ormatting flexibility due to homelessness and lack of computer access." [Id. at ¶ 39]. Plaintiff alleges that the "Defendants denied these accommodations and instead imposed additional barriers:

- Required in-person document retrieval
- Required payment for service Plaintiff cannot afford
- Required specific formatting Plaintiff cannot produce while homeless
- Required travel to courthouse Plaintiff cannot physically undertake
- Refused electronic alternatives.

[Id. at ¶ 40].

To establish a prima facie case for discrimination under Title II, Plaintiff must show that he (i) is a "a qualified individual with disability," (ii) was "either excluded from participation in or denied the benefits of some public entity's services, programs, or activities or was otherwise discriminated against," and (iii) that "such exclusion, denial of benefits, or discrimination was by reason of the plaintiff's disability." Parker v. Universidad de P.R., 225 F.3d 1, 5 (1st Cir. 2000). Although Plaintiff asserts that he is a qualified individual with a disability, he offers only conclusory assertions as to the other elements. The Court cannot credit such conclusory factual

allegations without more. Even when construing the complaint generously, Plaintiff has failed to adequately plead discrimination under the ADA.

### 3. Amended Complaint

Although it is difficult to discern from the complaint whether any of the allegations could form the basis of a viable claim under the Americans with Disabilities Act or other legal basis, it is conceivable that Plaintiff could present a cognizable claim in an amended complaint. If Plaintiff believes that he can assert such a claim, he may file an amended complaint which cures the pleading deficiencies noted above.

Because an amended complaint completely supersedes an original complaint, see Brait Builders Corp. v. Mass., Div. of Cap. Asset Mgmt., 644 F.3d 5, 9 (1st Cir. 2011), Plaintiff must repeat anything from the original complaint that he intends to include as part of an amended complaint.

### 4. Conclusion

If Plaintiff wishes to proceed, he must, on or before December 29, 2025, (1) file an amended complaint that cures the pleading deficiencies of the original complaint and that states a plausible claim for relief; and (2) either pay the $405.00 filing fee or file a motion for leave to proceed *in forma pauperis*. The Clerk shall provide Plaintiff with a blank Application to Proceed in District Court without Prepaying Fees or Costs (Form AO 240).

Failure to file an amended complaint and address the filing fee on or before December 29, 2025, will result in dismissal of this action.

**SO ORDERED.**

Dated: November 26, 2025                                                                /s/ Angel Kelley
                                                                                        Hon. Angel Kelley
                                                                                        United States District Judge